**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROSS MASSEY,** § | | |
| **TDCJ No. 00468822,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-24-CV-148-DII | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## ORDER

Before the Court are Ross Massey's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1). After the Court dismissed Petitioner's federal habeas petition as time-barred, Petitioner moved for reconsideration, arguing the Court erred in calculating the statute of limitations. After considering the parties responsive pleadings to this motion, the Court granted the motion for reconsideration and reopened the case. (Dkt. Entry Aug. 21, 2024.)

Upon reconsideration of Petitioner's federal habeas petition, the Court concludes it requires additional briefing to resolve issues presented by Petitioner. The facts of the case are as follows. Petitioner is currently serving a 60-year sentence for aggravated robbery. On May 13, 2011, he was released to mandatory supervision. On August 31, 2013, a pre-revocation warrant was executed at the Arkansas Department of Corrections (ADOC)—where Petitioner was incarcerated—and his supervision was revoked on February 3, 2015, while he was still in ADOC custody. On March 25, 2022, Petitioner was transferred to the custody of the Texas Department of Criminal Justice (TDCJ).

Petitioner alleges that, when he was initially received into TDCJ custody, he inquired about his good time and bonus time credits and was told he would need to wait until he arrived at his assigned unit before he could submit a request to classification. (ECF No. 9 at 2.) In late June 2022, Petitioner arrived at the Coffield Unit, his assigned unit, and spoke with classification. In July 2022, Petitioner requested a time sheet and began researching in the law library. (*Id.*) He received his time sheet on September 22, 2022, and learned that the calculations did not include credits for on-the-job training (OJT), vocation, or GED. (*Id.*) Petitioner's time sheet shows the following:

| Flat Time Credit | 32 years | 9 months | 17 days |
|---|---|---|---|
| Good Time Credit | 9 years | 0 months | 21 days |
| Bonus Time Credit | 0 years | 1 months | 29 days |
| Work Time Credit | 0 years | 0 months | 0 days |
| Total Time Credit | 42 years | 0 months | 7 days |

(ECF No. 1-5 at 2.) Petitioner filed a time credit dispute on November 8, 2022. On March 27, 2023, TDCJ responded to the dispute by stating "You are currently S3 status. Your PRD [Projected Mandatory Supervision Release Date] is 1-26-2029. There is no error in your current time calculations." (ECF No. 1-4 at 2.)

On August 13, 2023, Petitioner filed a state application for habeas corpus relief, listing the following three claims:

1. TDCJ Classification and records is in error in its calculation of Petitioner's good time and bonus time, violating the Fourteenth Amendment. Petitioner has not received the correct amount of good time and bonus time since the state of Texas revoked his mandatory release and placed a detainer on him while he was serving a sentence in the state of Arkansas. The 1987 Texas laws under which Petitioner was originally sentenced state he shall receive 5 days bonus time for OJT's, vocations, and GED. He is requesting bonus time for a mechanic trade he completed in 1999, which would total 545 days from September 1, 2013 thru September 22, 2022. For the same reasons he is requesting 545 days be added for OJT completed in 2003. Further, he completed a GED in 2015, and should receive 5 days a month in bonus time for that. He is also entitled to good time as S3 status, and administrative time during his time in ADOC anytime TDCJ inmate population rose about 95% capacity.

2. TDCJ Classifications extended Petitioner's sentence by over 2 years and 3 months, which is forbidden by the separation of powers doctrine.

3. Petitioner seeks the restoration of his good time earned between August 18, 1987, thru his release on May 13, 2011, which is 36 years and 3 months of credit.

(ECF No. 8-5 at 7-17.) The state habeas court recommended denying the application, concluding claims involving good time credits were not cognizable in habeas; further, Petitioner had forfeited all previously accrued good time credits when his mandatory supervision was revoked, and his separation-of-powers argument was meritless because it was based on his misunderstanding about his good time credits. (ECF No. 8-5 at 33-37.) On October 11, 2023, the Texas Court of Criminal Appeals (TCCA) denied Petitioner's state habeas application without written order on the findings of the trial court and on the Court's independent review of the record. *Ex parte Massey*, No. WR-22,085-03 (Tex. Crim. App. Oct. 11, 2023). (ECF No. 8-6.)

Petitioner executed his federal petition for habeas corpus relief on February 1, 2024. He raises the same claims as those from his state habeas application. (ECF No. 1.) In his original answer, Respondent argued Petitioner's petition was time barred pursuant to the Antiterrorism and Effective Death Penalty (AEDPA), which imposes a one-year statute of limitations for federal review of state habeas corpus applications. Respondent argued that Petitioner's claims accrued when his mandatory supervision was revoked, on February 3, 2015, and thus his federal limitations period expired by February 3, 2016, absent any statutory or equitable tolling. In the alternative, Respondent argued that, even if Petitioner's claims did not accrue until March 25, 2022—when he was transferred into TDCJ custody—his claims were still time-barred. (ECF No. 7.)

The Court initially agreed with Respondent that Petitioner's claims were time-barred, using an accrual date of July 1, 2022—the time between when Petitioner spoke to classification at the Coffield Unit (late June) and when he says he requested a time sheet (mid July). However, after

Petitioner moved for reconsideration and Respondent responded in opposition, the Court was persuaded by Petitioner's motion and granted his motion for reconsideration, vacating its prior order and final judgment.

Upon reconsideration, the Court concludes that Petitioner's first claim, regarding his good time, bonus time, and work time credits, was not answered by the state habeas courts nor by Respondent in his response in opposition to Petitioner's motion for reconsideration. It appears Petitioner is arguing he is entitled to receive good time, bonus time, and work time credits from TDCJ during his incarceration at ADOC after his supervised release was revoked. Respondent attached an affidavit from Charley Valdez, Program Supervisor V at TDCJ's Classification and Records Department, who states that "Inmate Massey received jail credit from 8/31/2013 to the present." (ECF No. 7-1 at 3.) As noted above, the time sheet Petitioner received on September 22, 2022, showed he had over 9 years of good time credit. It therefore appears TDCJ credited Petitioner for good time while he was in the physical custody of ADOC. Further, Petitioner attained his GED in January 2015; thus, his request for GED credits is not related to credits received prior to the revocation of his supervised release.

Neither the state habeas court nor Respondent have addressed why Petitioner is not eligible for OJT, vocational, and GED credits after his mandatory supervision was revoked and he was incarcerated in the ADOC. In his response to Petitioner's motion for reconsideration, Respondent essentially repeats the conclusions of the state habeas court, i.e., Petitioner forfeited his good time credits when his mandatory supervision was revoked and he has no right to street time credit for the period between his release on supervised release and its subsequent revocation. (ECF No. 16.)

4

Based on Petitioner's time sheet, it appears TDCJ credited him for some good time while he was in ADOC. However, Petitioner claims he was not credited for all the time he is entitled to, and neither the state habeas court nor Respondent have responded to this allegation.

Accordingly, to properly adjudicate this petition, the Court needs Respondent to answer Petitioner's allegations in his first claim, namely that TDCJ has failed to credit him OJT, vocational, and GED credits during his incarceration at ADOC, along with any administrative credit he is due if TDCJ was over 95% capacity during Petitioner's time at ADOC.

It is therefore **ORDERED** that Respondent file supplemental briefing, addressing this claim, on or before **November 15, 2024**.

It is further **ORDERED** that Petitioner should file his response to this supplemental briefing on or before **December 16, 2024**.

SIGNED this 17th day of October, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE